UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CARLA CRUZAN,

Plaintiff,

v.

SPECIAL SCHOOL DISTRICT #1 and
DR. ROBERT MCCAULEY, in his official
and individual capacity,

Defendants.

CIVIL NO. 00-1544 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned on May 21, 2001 upon Plaintiff's Motion for Leave to Amend Complaint [Docket No. 16]. Gregory Troy, Esq. appeared on behalf of Plaintiff; Sandra Conroy, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Leave to Amend Complaint [Docket No. 16] is in all respects denied;

2. No later than June 4, 2001, counsel for Plaintiff shall file an Affidavit with the Clerk of Court substantiating that they have read and will comply with the Local Rules of this Court.

Dated: May 23, 2001

JOHN M. MASON
United States Magistrate Judge

FILED MAY 23 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

MEMORANDUM

The Motion of the Plaintiff is denied for procedural reasons, and on the merits. As a procedural matter, Local Rule 37.1(a)(1) provides in part:

> "No motion shall be heard by a Magistrate Judge unless the moving party delivers one copy of the following documents to opposing counsel and an original and two copies to the Clerk of Court at least 14 days prior to the hearing: [required pleadings are described]."

Plaintiff failed to comply with this Rule in a number of respects:

-No pleadings were delivered to Defendant until May 8, 2001, 13 days prior to the hearing.

-On May 7, 2001, Plaintiff delivered the original of the Motion papers to the Clerk of Court in an envelope addressed to this Court. No copies were provided.

-The pleadings which were delivered did not include an executed copy of the Affidavit of the Plaintiff.

-The Motion and signed Affidavit were filed after the hearing.

-No proposed Order was submitted.

In addition to the above errors, at oral argument, Plaintiff sought additional time for the taking of discovery, the presentation of expert reports, and the filing of dispositive motions, the need for which would be occasioned by the granting of the relief which is sought by the Motion to Amend. This relief was not expressly sought by the Motion to Amend.[1]

---

[1] In further violation of our Local Rules, after the hearing counsel for Plaintiff submitted to the Clerk for filing the Affidavit of Gregory Troy dated May 22, 2001. We are concerned that counsel for Plaintiff may not be familiar with our Local Rules, and thus have required that they read those Rules, and file an Affidavit confirming this.

We also deny the Motion for a number of substantive reasons. The Motion to Amend is brought after the conclusion of discovery, and after the submission by Defendants of a Motion for Summary Judgment. We are persuaded by the reasoning in a number of cases which is summarized in the opinion in Amcast Industrial Corp. v. Detrex Corp., 132 F.R.D. 213, 218 (N.D. Ind. 1990):

> [T]he situation highlighted here is precisely what the court's scheduling order was designed to avoid -- a motion for summary judgment followed by a motion to amend. In this case, the court has established a deadline for amending the pleadings before a deadline for filing dispositive motions, so that any parties electing to file dispositive motions might have some assurance that their efforts would not be nullified by changes in the pleadings, and so that the court would have some assurance that the case would proceed in an orderly and expeditious fashion.

Amcast, 132 F.R.D. at 218. This reasoning finds support in numerous other authorities. See Ansam Assoc., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) ("permitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment"); Cleveland v. Porca Co., 38 F.3d 289, 297 (7th Cir. 1994) (denial of amendment affirmed where motion was filed "after discovery was completed and after motions for summary judgment were fully briefed"); Bymoen v. Herzog, Heine, Geduld, Inc., No. 88 Civ. 1796, 1991 WL 95387, at *2 (S.D. N.Y. May 28, 1991) ("amendment would be particularly prejudicial where discovery has already been completed and defendant has already filed a motion for summary judgment").

Application of these principles is particularly appropriate in this case, given the fact that if the complaint were amended, it would serve to permit the de facto

consolidation of new allegations which are only indirectly based upon the matters set forth in the initial Complaint. The initial Complaint seeks relief in four "Causes of Action" all premised on the factual allegations concerning "Defendants' actions and inaction of permitting a male to use a women's restroom at Southwest" high school. These allegations claim religious discrimination and the creation of a hostile work environment. The proposed Amended Complaint would add four new "Causes of Action" premised on the recent demotion of Plaintiff, alleged to be in retaliation for events which occurred in the course of this litigation.

Plaintiff also acknowledges that if the Motion to Amend were granted, additional discovery would be required, the expert reports would have to be supplemented, and additional time for presentation of dispositive motions as to the new allegations would have to be provided. These delays would cause prejudice to the schedule of the Court, and to the Defendants, were we to permit the amendment. On the other hand, Plaintiff would suffer no prejudice if the Motion to Amend were denied.

Defendants urge the Court to deny the Motion to Amend upon the ground that the proposed amendment would be futile. They make a strong showing concerning the merits of their position in this respect. Although we decline to deny the Motion upon the ground of futility, the questions raised as to the possible absence of merit to the proposed new allegations nonetheless suggest that the superior procedural disposition is to deny the Motion to Amend. If Plaintiff desires to pursue the allegations in a separate Complaint, the processes described in Rule 11(c)(1)(A) would then be available to the parties.

J.M.M.