UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1544(DSD/JMM)

Carla Cruzan,

       Plaintiff,

v.                                                                    **ORDER**

Minneapolis Public School System,
Special School District No. 1

       Defendant.

       Gregory R. Troy, Esq., 2550 University Avenue West, Suite 459S, St. Paul, MN 55114, and Francis J. Manion, Esq. and American Center for Law and Justice - Midwest, 6375 New Hope Road, New Hope, KY 40052, counsel for plaintiff.

       Donald M. Lewis, Esq., and Sandra L. Conroy, Esq. and Halleland, Lewis, Nilan, Sipkins & Johnson P.A., 220 South Sixth Street, Suite 600, Minneapolis, MN 55402, counsel for defendant.

       This matter is before the court on the defendant's motion for summary judgment. A teacher brought this case against the school district because she believes that she has been discriminated against on the basis of her religion and gender. The teacher could not show that she had been the victim of discrimination. Therefore, based on the review of the file, record, and proceedings herein, the court grants defendant's motion.

FILED 9-5-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 9-5-01
Deputy Clerk's Initials

**BACKGROUND**

Debra Davis began working for the Minneapolis School District ("school district") in approximately 1969 as David Nielsen. In February or March of 1998, Davis informed the administration at Southwest High School that she was transgendered and planned to "transition from male to female" in the workplace.

The school district collaborated with Davis, its legal counsel, the Southwest Parent Teacher Association, the parents of Southwest students, psychologists and others to plan for Davis's transition. Some faculty members, including Carla Cruzan ("Cruzan"), expressed concern about the transition. When the plaintiff asked whether Davis would be allowed to use the female restrooms in the school, she was informed that "other arrangements" would be made. However, legal counsel informed the school district that under Minnesota law Davis had the right to use the "gender appropriate" restroom. The school district thus allowed Davis to use the female faculty restroom after her transition, which took place in the spring of 1998.

Several months later, in October of the following school year, Cruzan encountered Davis in the female faculty restroom. Cruzan immediately complained to the principal, Dr. Robert McCauley, about seeing Davis in the restroom. Because they were in the hallway

2

among students, Dr. McCauley asked Cruzan to either wait in his office or make an appointment to discuss the matter. Cruzan did not approach Dr. McCauley about these concerns again.

Cruzan filed a complaint with the Minnesota Department of Human Rights. The Minnesota Department of Human Rights determined that there was "No Probable Cause" to believe that an unfair discriminatory practice had occurred and dismissed Cruzan's charge. (See Conroy Aff., Ex. F.) Plaintiff then requested a Right to Sue letter from the Equal Employment Opportunity Commission. After the letter was issued, plaintiff filed this lawsuit under both Title VII and the Minnesota Human Rights Act ("MHRA") alleging claims of religious discrimination and hostile work environment sexual discrimination.

### DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating to the court that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material only when its resolution affects the outcome of the case. See Anderson v.

3

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 250.

On a motion for summary judgment, the court views the evidence in a light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences without assessing credibility. See Miller v. Nat'l Cas. Co., 61 F.3d 627, 628 (8th Cir. 1995). The nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a party cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. See id. at 322-23. Summary judgment is therefore appropriate when the plaintiff fails to establish a genuine issue of material fact on any element of a prima facie case. Bialas v. Greyhound Lines, Inc., 59 F.3d 759, 762 (8th Cir. 1995). With this standard at hand, the court considers Metro's motion for summary judgment.

## II. Religious Discrimination

To establish a claim of religious discrimination, Cruzan must prove that: (1) she had a bona fide religious belief that conflicted with an employment practice; (2) she informed the school district of her belief; and (3) she suffered an adverse employment

4

action.  See Seaworth v. Pearson Autobody, 203 F.3d 1056 (8th Cir.), cert. denied, 121 S. Ct. 126 (2000).  An employer need not accommodate a purely personal preference.  Brown v. General Motors Corp., 601 F.2d 956, 958 (8th Cir. 1979).

Cruzan asserts that her religious beliefs do not permit her to share a private facility, such as a restroom, with members of the opposite sex.  The court does not need to conclude whether or not this is a bona fide religious belief since Cruzan cannot establish the other elements of a prima facie claim of religious discrimination.  Specifically, Cruzan fails to establish: (1) notice to the school district; and (2) the occurrence of an adverse employment action.  See Seaworth, 203 F.3d at 1056.

Religious conflicts with employment must be communicated to the employer in order to encourage satisfactory arrangements of reasonable accommodation.  Johnson v. Angelica Uniform Group, Inc., 762 F.2d 671, 673 (8th Cir. 1985) (holding that an employee who had a religious conflict with her employment duties was required to communicate her concerns to her employer in order to attempt to work out an arrangement satisfactory to both parties); Chrysler Corp. v Mann, 561 F.2d 1282, 1286 (8th Cir. 1977) ("[w]here, as here, an employee is disinterested in informing his employer of his religious needs and will not attempt to accommodate his own beliefs through the means already available to him or cooperate with his

5

employer in its conciliatory efforts, he may forego the right to have his beliefs accommodated by his employer").

Plaintiff asserts that the school district should have known about her religious concerns through her complaint filed with the Minnesota Department of Human Rights. However, the record reflects that, while Cruzan had ample opportunity to directly inform the school district of the school policy's conflict with her religious belief, she failed to do so.[1] The court concludes that plaintiff has not established that she informed the school district of the conflict with her religious beliefs.

Plaintiff also fails to meet her burden of showing the existence of an adverse employment action. For an employment action to be considered adverse, it must have a material affect on the terms or conditions of employment. Cross v. Cleaver, 142 F.3d 1059, 1073 (8th Cir. 1998). An action involving nothing more than a mere inconvenience without any diminution in title, salary or benefits is insufficient to establish an adverse employment action. Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir. 1994). "Not everything that makes an employee unhappy is an actionable adverse action ... otherwise, minor and even trivial

---

[1] For example, after she encountered Davis in the female faculty restroom, Dr. McCauley invited Cruzan to go to his office or to make an appointment to discuss further this matter. (See McCauley Dep. at 46; Pl's. Dep. at 100.) There is no evidence that plaintiff ever made such an appointment or otherwise attempted to communicate the religious nature of her concerns to the school district before filing a complaint with a third party.

6

employment actions ... would be the basis of a discrimination suit." <u>Greaser v. State, Dept. of Corrections</u>, 145 F.3d 979,984 (8th Cir. 1998).

Davis's use of the female faculty restroom has no effect on Cruzan's title, salary or benefits. Cruzan did not even notice Davis was using this restroom until several months had elapsed. Cruzan also concedes that she currently uses another restroom in the building that is closer to her classroom and that Davis does not use it. (Pl.'s Dep. at 74.) Moreover, the record reflects that there are several other restrooms, including a private unisex restroom, available to plaintiff where plaintiff would not encounter Davis. (<u>See</u> <u>id.</u> at 64, 70, 74). Alhough Cruzan may not agree with the school district's decision to allow Davis to use the female faculty restroom, and may see it as an inconvenience, the court cannot conclude that it rises to the level of an actionable adverse employment action.

The court concludes that plaintiff has failed to establish a prima facie case of religious discrimination, and accordingly, defendant is entitled to summary judgment.

### III. Gender Discrimination - Hostile Work Environment

To establish a hostile work environment claim, a plaintiff must show: (1) that she is a member of a protected group; (2) was subject to unwelcome harassment; (3) the harassment was based on her status as a member of the protected group; (4) the harassment

7

affected a term, condition or privilege of her employment; and (5) the school district knew or should have known of the harassment and failed to take proper remedial action. <u>Palesch v. Missouri Com'n on Human Rights</u>, 233 F.3d 560, 566 (8th Cir. 1990); <u>Williams v. Metropolitan Waste Control Com'n</u>, 781 F. Supp 1424, 1426 (D. Minn. 1992); <u>Wayne v. MasterShield, Inc.</u>, 597 N.W.2d 917 (Minn. Ct. App. 1999) (in interpreting MHRA claims, Minnesota courts recognize substantial similarities between federal and state law and give strong weight to Title VII precedence). The conduct must be so severe or pervasive that it alters the conditions of employment and creates an abusive work environment. See <u>Meritor Savings Bank, FSB v. Vinison</u>, 477 U.S. 57, 67 (1986); <u>Johns v. Harborage I, Ltd.</u>, 585 N.W.2d 853, 861 (Minn. Ct. App. 1998). Whether an environment is hostile or abusive is determined by looking at all the circumstances, including the frequency and severity of the action and whether it unreasonably interferes with the work performance of an employee. See <u>Harris v. Forklift Systems</u>, 510 U.S. 17, 21-23 (1993). In other words, the court must consider the totality of the circumstances in making a determination that a work environment

is impermissibly hostile. Id. at 23. See Giuliani v. Stuart, 512 N.W.2d 581,594 (Minn. Ct. App. 1994).

In this case, even if plaintiff can establish the first three elements of a hostile work environment claim, the court believes that plaintiff fails to show that the alleged "harassment" affected a term, condition or privilege of her employment with such severity and pervasiveness as to alter the conditions of her employment and create an abusive work environment. See Jenson v. Eveleth Taconite Co., 824 F. Supp. 847, 884-85 (D. Minn. 1993). The record does not support a determination, and plaintiff fails to show, that allowing Davis to use the female faculty restroom has created a working condition that rises to the level of an abusive environment. In fact, Cruzan acknowledges that she did not even notice Davis's use of this restroom for several months. Moreover, Cruzan has the option of using the female faculty restroom used by Davis or using other restrooms in the school not used by Davis. In sum, the court concludes that the conditions as alleged by plaintiff are insufficient to establish an objectively hostile workplace environment. See Harris, 510 U.S. at 23.[2]

---

[2] The court is unconvinced that the pending Minnesota Supreme Court case of Goins v. West Group is particularly useful or relevant on the specific facts here. See Goins v. West Group, 619 N.W. 2d 424, 429 (Minn. Ct. App. 2000). In particular, the court notes that unlike the plaintiff in Goins, Cruzan has a choice of
(continued...)

In conclusion, the court believes that since plaintiff has failed to meet her burden of establishing a prima facie case of hostile environment gender discrimination, defendant is entitled to summary judgment as a matter of law.

### CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for summary judgment is granted; and
2. Plaintiff's claims are dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 5, 2001

_____
David S. Doty, Judge
United States District Court

---

²(...continued)
restrooms and is not being *denied* access to any workplace facility on the basis of her gender.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd